RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  10 / 7 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CARSON GREEN (#513301)                    DOCKET NO. 10-CV-1787; SEC. P

VERSUS                                    JUDGE DEE D. DRELL

CCA, ET AL.                               MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION TO DISMISS CERTAIN DEFENDANTS

Before the Court is Plaintiff's civil rights complaint filed pro se, in forma pauperis, and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC), housed at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff complains that he received delayed and inadequate medical care. He was ordered to amend his complaint on two occasions, and he has now provided enough information for an initial review of his claim.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Facts Alleged*

Plaintiff alleges that on Friday, March 26, 2010, at approximately 7:00 p.m., he suffered a fractured jaw while playing basketball. He informed the key guard that he was in excruciating pain and made a medical emergency request. The floor officer brought Plaintiff to the tier to wait for further instruction. The key guard informed Plaintiff that no medical emergencies were allowed and that Plaintiff had to fill out a regular sick call form

and wait until Monday for a medical examination. [Doc. #8, p.2] Finally, on Monday, March 29, 2010, Petitioner was seen by the dentist and was referred to LSU Medical Center to assess his broken jaw. Plaintiff alleges that over the weekend of March 28-29, 2010, there were actually three nurses working at the Winn infirmary: **Howard, Tucker, and Fitzgerald.** According to Plaintiff, these three nurses refused to let him declare a medical emergency and/or refused to see him despite his obvious injury.

On April 1, 2010, Plaintiff had oral surgery consisting of the removal of two teeth and the insertion of a metal plate on the left side of his jaw. Plaintiff remained in the infirmary until April 26, 2010. [Doc. #8, p.3] Then, Plaintiff underwent a second surgery on May 11, 2010 to insert a plate on the right side of his jaw. He remained in the infirmary until June 4, 2010.

Plaintiff alleges that Dr. Bobby Cleveland released him from the infirmary too soon after surgery. Plaintiff believes that he should have stayed in the infirmary another five weeks. Since he was not in the infirmary, he could no longer receive pain medication other than naproxen. Plaintiff argues that this shows deliberate indifference because the doctor knew that he needed more time to heal and showed poor decision making in releasing Plaintiff.

Plaintiff alleges that Pat Thomas acted with deliberate indifference by not doing a thorough evaluation of Plaintiff. He

claims that as the head of administration she should not have allowed Plaintiff to be released from the infirmary.

Plaintiff claims that Mona Heyse acted with deliberate indifference by not conducting thorough research into Plaintiff's claim.

### Law and Analysis

To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has not presented allegations of deliberate indifference as to Dr. Cleveland, Pat Thomas, or Mona Heyse. Plaintiff submitted evidence that on multiple occasions, he was provided with medical care by Dr. Cleveland. His complaint with Cleveland and Thomas has to do with the time frame of his discharge from the prison infirmary. What Plaintiff has alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). He has not alleged that the Cleveland, Thomas, or Heyse refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. Even "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, ***nor does a prisoner's disagreement with his medical treatment***, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted). Plaintiff's disagreement with the course or quality of his medical treatment does not state a claim for which relief can be granted.

Plaintiff does allege, in his second amended complaint, that the medical personnel on duty the weekend that he was injured - Mrs. Howard, Mrs. Tucker, and Ms. Fitzgerald - ignored his complaints and/or refused to treat him. Therefore, the complaint

4

will be served on those three individuals.

## *Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that Plaintiff's claims against CCA Medical ADr. Cleveland, Mona Heyse, and Pat Thomas be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B). Service of process will be ordered on Mrs. Howard, Mrs. Tucker, and Ms. Fitzgerald.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6