RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/12/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARSON GREEN,<br>      Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01787 |
| VERSUS | |
| CORRECTIONS CORPORATION OF<br>AMERICA, et al.,<br>      Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Carson Green ("Green") on November 18, 2010 and amended on April 1, 2011 (Doc. 22) and October 19, 2011 (Doc. 20). The named defendants are Pat Thomas ("Thomas") (medical director at Winn Correctional Center ("WCC") in Winnfield, Louisiana), Dr. Bobby Cleveland (a medical doctor employed at WCC), Mona Heyse ("Heyse") (an assistant warden at WCC), Corrections Corporation of America ("CCA") (operator of WCC), and LPN Laura Norwood,[1] LPN Tracey Tucker, and RN Leah Fitzgerald, all nurses employed at WCC. Green contends that, while he was incarcerated in WCC in 2010, were deliberately indifferent to his serious medical needs when they denied him medical care. Green contends his jaw was fractured on March 26, 2010 and he requested a medical emergency because he was unable to open his mouth and was in excruciating pain, but the nurses (Norwood, Tucker

---

[1] Laura Norwood was originally mis-named as "Howard" by Green in an amended complaint (Doc. 20).

and Fitzgerald) delayed his medical care from March 26 to March 29, 2010, when he was taken to a dentist who referred Green to the LSU Medical Center, where he had two surgeries on April 1, 2010 and May 11, 2010 (Docs. 1, 8, 20). Green further contends his pain medication was discontinued too early and he was returned to general population too soon after each surgery, which caused him unnecessary pain (Docs. 1, 8).

Green alleges that CCA delayed in providing medical care after Green fractured his jaw on March 26, 2010, that Dr. Cleveland and Pat Thomas denied him adequate post-surgery recovery time and pain medication after surgical repair of his fractured jaw on April 1, 2010 and May 11, 2010, that Mona Heyse failed to adequately research his grievance concerning the denial of medical care, and that Nurses Norwood, Tucker, and Fitzgerald unreasonably delayed his medical care by making him wait until March 29, 2010 for medical care (Docs. 1, 8, 20). For relief, Green asks for monetary damages. Green is presently confined in WCC.

The Corrections Corporation of America was never served. Green never completed a summons for CCA and no attempt was ever made to effect service. Accordingly, it will be recommended that the complaint against CCA be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011,

1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

Defendants Dr. Cleveland, Mona Heyse and Pat Thomas were dismissed (Docs. 22, 25). Defendants Tucker, Norwood and Fitzgerald answered the complaints and requested a jury trial (Docs. 47). Green filed a motion for summary judgment supported by a statement of undisputed facts (Doc. 58). Defendants filed a response to Green's motion for summary judgment (Doc. 62) with affidavits.

Green's motion for summary judgment is now before the court for disposition.

## Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts

3

submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Lack of Exhaustion

Green contends in his motion for summary judgment and statement of undisputed facts (Doc. 58) that Nurses Tracy Tucker, Lori Norwood, and Leah Fitzgerald failed to provide him with medical care when he declared a medical emergency after his jaw was fractured on March 26, 2010, telling him instead that he would have to wait until March 29, 2010 to see a dentist.

Defendants allege and show, through an affidavit by Mona Heyse, the Quality Assurance Manager at WCC and Green's administrative remedy records, that Green did not exhaust his administrative remedies as to his claim for denial of medical care (Doc. 62). Green's administrative remedy grievances and responses show that Green filed grievances as to his being released early from the infirmary and returned to the general population (Doc. 62), but did not file grievances concerning being denied his right to declare a medical emergency by Howard, Tucker and Fitzgerald (Doc. 62).

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory,

irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990.

Since the WCC administrative remedy records do not show that Green exhausted his administrative remedy procedures[2] as to his claims against Tucker, Norwood and Fitzgerald, and Green does not contend otherwise, Green's motion for summary judgment should be denied and his complaint against Tucker, Norwood and Fitzgerald should be dismissed without prejudice for failure to exhaust administrative remedies. Since Green did not exhaust his administrative remedies, the merits of his claim will not be addressed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Green's motion for summary judgment be DENIED.

IT IS FURTHER RECOMMENDED that Green's complaint against CCA be DISMISSED WITHOUT PREJUDICE for failure to effect service of

---

[2] La. Admin. Code 22:I.325(G).

process.

IT IS FURTHER RECOMMENDED that Green's complaint against Tucker, Norwood, and Fitzgerald be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10th day of April 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE